1  Edward R. Hugo [Bar No. 124839]
   Bina Ghanaat [Bar No. 264826]
2  Robert J. Bugatto [Bar No. 209418]
   HUGO PARKER, LLP
3  90 New Montgomery St., Ste. 1010
   San Francisco, CA 94105
4  Telephone: (415) 808-0300
   Facsimile: (415) 808-0333
5  Email: service@HugoParker.com

6  Attorneys for Defendant
   FOSTER WHEELER LLC, erroneously sued as
7  JOHN WOOD GROUP PLC, as successor-by-merger
   to AMEC FOSTER WHEELER PLC, successor-in-interest
8  to FOSTER WHEELER CORPORATION

9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12 | VERNON ARMSTRONG,                  | (ASBESTOS)
   |                                    | Case No.: 3:25-cv-00925-RFL
13 |              Plaintiff,            |
14 |     vs.                            | DEFENDANT FOSTER WHEELER LLC'S
   |                                    | MEMORANDUM OF POINTS AND
15 |                                    | AUTHORITIES IN SUPPORT OF MOTION
   |                                    | TO DISMISS PLAINTIFF'S PUNITIVE
16 | PARAMOUNT GLOBAL, et al.,          | DAMAGES CLAIM AND/OR TO STRIKE
   |                                    | PLAINTIFF'S PUNITIVE DAMAGES CLAIM
17 |              Defendants.           | AND STRIKE PARAGRAPHS 51 to 54 AND
   |                                    | PARAGRAPH 3 IN THE PRAYER FOR
18 |                                    | PUNITIVE DAMAGES

19                                        Date: May 20, 2025
                                          Time: 10:00 a.m.
20                                        Courtroom: 15, 18th Floor
                                          Judge: Hon Rita F. Lin
21
                                          Complaint filed: January 28, 2025
22

23

24

25

26

27

28

HUGO PARKER, LLP
90 NEW MONTGOMERY
ST., SUITE 1010
San Francisco, CA 94105

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PUNITIVE DAMAGES CLAIM
AND/OR STRIKE PUNITIVE DAMAGES CLAIM AND PARAGRAPHS 51 TO 54 AND 3 IN THE PRAYER

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  ALLEGATIONS IN PLAINTIFF'S COMPLAINT .................................................... 2

III. LEGAL STANDARDS APPLICABLE TO RULE 12(B)(6) MOTIONS TO DISMISS AND RULE 12(F) MOTIONS TO STRIKE ................................................... 2

IV.  ARGUMENT .................................................................................................................. 3

    A.  Maritime Law Controls Plaintiff's Claims against Foster Wheeler ....................... 3

    B.  Maritime Law Bars Recovery for Plaintiff's Punitive Damages Claim ................ 4

        1.  Pursuant to Supreme Court Authority, Non-Pecuniary Damages Are Not Available against Foster Wheeler in this Case ........................................................... 4

        2.  In Line with Supreme Court Authority, Various California District Courts, including this Very Courtroom, Have Precluded Recovery of Non-Pecuniary Damages in Cases such as this One ........................................................................................ 9

    C.  Public Policy Supports the Granting of this Motion ............................................ 10

V.   CONCLUSION ............................................................................................................ 11

HUGO PARKER, LLP
90 NEW MONTGOMERY
ST., SUITE 1010
San Francisco, CA 94105

i

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PUNITIVE DAMAGES CLAIM AND/OR STRIKE PUNITIVE DAMAGES CLAIM AND PARAGRAPHS 51 TO 54 AND 3 IN THE PRAYER

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page(s)**

*In re Asbestos Prods. Liab. Litig.* (*Oil Field Cases*),
   673 F.Supp.2d 358 (E.D. Pa. 2009) ....................................................................................... 3

*Asher v. Reliance Ins. Co.*,
   308 F.Supp. 847 (N.D. Cal. 1970) ......................................................................................... 3

*Atlantic Sounding Co. v. Townsend*,
   557 U.S. 404 (2009) .................................................................................................... passim

*Commonwealth of Mass. ex rel. Bellotti v. Russell Stover Candies, Inc.*,
   541 F. Supp. 143 (D. Mass. 1982) ......................................................................................... 3

*Bhatia v. 3M Company*,
   323 F.Supp.3d 1082 (D. Minn. 2018) ................................................................................... 3

*Cabasug v. Crane Co.*,
   956 F.Supp.2d 1178 (D. Haw. 2013) .................................................................................... 4

*Chan v. Society Expeditions, Inc.*,
   39 F.3d 1398 (9th Cir. 1994) ................................................................................................. 6

*Conner v. Alfa Laval, Inc.*,
   799 F.Supp.2d 455 (E.D. Pa. 2011) ...................................................................................... 3

*Cox v. Princess Cruise Lines, Ltd.*,
   2013 WL 3233461 (C.D. Cal. June 25, 2013) ...................................................................... 6

*Davis v. Bender Shipbuilding and Repair Co., Inc.*,
   27 F.3d 426 (9th Cir. 1994) ............................................................................................. 6, 9

*Deem v. Air & Liquid Sys. Corp.*,
   No. C17-5965 BHS, 2019 WL 3716449 (W.D. Wash. Aug. 6, 2019) .................................. 4

*Deuber v. Asbestos Corp.*,
   No. 2:10-CV-78931-ER, 2011 WL 6415339 (E.D. Pa. Dec. 2, 2011) .................................. 4

*Doe v. Indyke*,
   457 F.Supp.3d 278 (S.D.N.Y. 2020) ..................................................................................... 3

*East River S.S. Corp. v. Transamerica Delaval*,
   476 U.S. 858 (1986) .......................................................................................................... 3, 4

*Exxon Shipping Co. v. Baker*,
   554 U.S. 471, 128 S. Ct. 2605, 171 L.Ed.2d 570 (2008) ...................................................... 4

HUGO PARKER, LLP
90 NEW MONTGOMERY
ST., SUITE 1010
San Francisco, CA 94105

ii

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PUNITIVE DAMAGES CLAIM
AND/OR STRIKE PUNITIVE DAMAGES CLAIM AND PARAGRAPHS 51 TO 54 AND 3 IN THE PRAYER

*Ferretti v. Pfizer Inc.*,
   855 F.Supp.2d 1017 (N.D. Cal. 2012) ...................................................................................3

*Gibbs ex rel. Gibbs v. Carnival Cruise Lines*,
   314 F.3d 125 (3d Cir. 2002) ..................................................................................................4

*Gopinath v. SomaLogic*,
   No. 23-cv-1164-W-WVG, 2023 WL 5354776 (S.D. Cal. Aug. 21, 2023) .............................3

*Haynish v. Bank of America, N.A.*,
   284 F.Supp.3d 1037 (N.D. Cal. 2018) ...................................................................................3

*Hays v. John Crane, Inc.*,
   2014 WL 10658453 (S.D. Fla. Oct. 10, 2014) .......................................................................9

*Lewis v. Lewis & Clark Marine, Inc.*,
   531 U.S. 438 (2001) ...............................................................................................................7

*McDermott Intern, Inc. v. Wilander*,
   498 U.S. 337 (1990) ...............................................................................................................9

*Miles v. Apex Marine Corp.*,
   498 U.S. 19 (1990) .......................................................................................................*passim*

*Pacific Merch. Shipping Ass'n. v. Aubry*,
   918 F.2d 1409 (9th Cir. 1990) ...............................................................................................4

*Estate of Prasad ex rel. Prasad v. County of Sutter*,
   958 F.Supp.2d 1101 (E.D. Cal. 2013) ...................................................................................3

*Pucci v. Carnival Corporation*,
   160 F.Supp.3d 1329 (S.D. Fla. 2016) ...................................................................................3

*Smith v. Trinidad Corp.*,
   992 F.2d 996 (9th Cir. 1993) .................................................................................................6

*Spurlin v. Air & Liquid Systems Corp.*,
   537 F. Supp. 3d 1162 (S.D. Cal. 2021) ................................................................................10

*Stephanie Smargisso, et al. v. Air & Liquid Systems Corp., et al.*,
   U.S.D.C., Northern District of California, Case No. 23-cv-01414-RFL ..................................9

*Susilo v. Wells Fargo Bank, N.A.*,
   796 F.Supp.2d 1177 (C.D. Cal. 2011) ...................................................................................3

*The Dutra Group v. Batterton*,
   139 S. Ct. 2275 (2019) .................................................................................................*passim*

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) .................................................................................................3

HUGO PARKER, LLP
90 NEW MONTGOMERY
ST., SUITE 1010
San Francisco, CA 94105

*Williamsburg Commons Condominium Ass'n v. State Farm Fire and Cas. Co.*,
    907 F. Supp.2d 673 (E.D. Pa. 2012) ........................................................................................3

*Yaw v. Air & Liquid Sys. Corp.*,
    No. C18-5405 BHS, 2019 WL 3891792 (W.D. Wash. Aug. 19, 2019) ....................................4

**Other Authorities**

Federal Rules of Civil Procedure
    Rule 12(b) ................................................................................................................................2
    Rule 12(b)(6) ................................................................................................................1, 2, 3, 11
    Rule 12(f) .....................................................................................................................1, 2, 3, 11
    Rule 12(f)(1) .............................................................................................................................2
    Rule 12(f)(2) .............................................................................................................................2
    Rule 12(g) .................................................................................................................................3

United States Constitution
    Eighth Amendment .................................................................................................................11

HUGO PARKER, LLP
90 NEW MONTGOMERY
ST., SUITE 1010
San Francisco, CA 94105

iv

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PUNITIVE DAMAGES CLAIM
AND/OR STRIKE PUNITIVE DAMAGES CLAIM AND PARAGRAPHS 51 TO 54 AND 3 IN THE PRAYER

1    Defendant FOSTER WHEELER LLC, erroneously sued as JOHN WOOD GROUP PLC, as successor-by-merger to AMEC FOSTER WHEELER PLC, successor-in-interest to FOSTER WHEELER CORPORATION ("Foster Wheeler"), pursuant to the Federal Rules of Civil Procedure ("FRCP"), Rules 12(b)(6) and 12(f), submits the following memorandum in support of its Motion to Dismiss Plaintiff's Punitive Damages Claim and/or to Strike Plaintiff's Punitive Damages Claim and Strike Paragraphs 51 to 54 and Paragraph 3 in the Prayer for Punitive Damages.

## I.  INTRODUCTION

Plaintiff VERNON ARMSTRONG ("Plaintiff") has sued numerous defendants, including Foster Wheeler, alleging that they are responsible for his "expos[ure] to substantial amounts of carcinogenic asbestos fibers" while he was "in the United States Navy between the years of 1961 and 1977." [Complaint, Doc 1, ¶ 8.] Plaintiff claims that defendants "designed, advertised, and sold" various asbestos-containing products "for maritime use and used aboard ships," and that such products were "essential to the operation, navigation, function, and safety of the ship and to the continued existence, operation, and safety of the ship and its maritime activity." [*Id.* ¶ 24.] Plaintiff further contends that these alleged exposures caused him to "develop[ ] an asbestos-caused lung cancer." [*Id.* ¶ 9.]

Based on Plaintiff's allegations in his Complaint, it is undisputable that maritime law applies to the claims against Foster Wheeler.[1] As such, Plaintiff's claim for punitive damages against Foster Wheeler should be dismissed and/or stricken pursuant to FRCP 12(b)(6) and/or 12(f) because non-pecuniary damages, including punitive damages, are unavailable under maritime law. *The Dutra Group v. Batterton*, 139 S. Ct. 2275 (2019); *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990); *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404 (2009). Furthermore, paragraphs 51 through 54 of the Complaint and Plaintiff's prayer for relief, paragraph 3, seeking "punitive

---

[1] Although Plaintiff's Complaint includes a cause of action for Premises/Contractor Liability that refers to alleged exposure at the Naval Reactors Facility (Nuclear Power Training Unit, S1W) at the Idaho National Laboratory, this cause of action is not asserted against Foster Wheeler, but rather only against "Paramount Global and Roes 80-100." [See Complaint at Fifth Cause of Action, p. 8 & ¶ 37.]

HUGO PARKER, LLP
90 NEW MONTGOMERY
ST., SUITE 1010
San Francisco, CA 94105

damages according to proof," should be stricken pursuant to FRCP 12(f) on the grounds that those paragraphs are comprised entirely of "immaterial" and "impertinent" allegations insofar as punitive damages are not available under maritime law. Given that this motion presents a pure question of law, Foster Wheeler respectfully requests that this motion be granted without leave to amend.

## II.     ALLEGATIONS IN PLAINTIFF'S COMPLAINT

The allegations in Plaintiff's operative complaint establish that maritime law applies as to Foster Wheeler. Plaintiff filed his complaint on January 28, 2025, asserting causes of action for (1) Negligence; (2) Strict Liability; (3) Maritime Negligence; (4) Maritime Strict Liability; and (5) Premises/Contractor Liability. [**Exhibit A** to the Declaration of Edward R. Hugo ("Hugo Decl."]] The fifth cause of action for Premises/Contractor Liability is not asserted against Foster Wheeler. [*Id.* at p. 8.] The Complaint seeks *inter alia* punitive damages. [*Id.* at pp. 11-13.]

As relevant to Foster Wheeler, and as set forth in Plaintiff's first four causes of action, Plaintiff alleges "expos[ure] to substantial amounts of carcinogenic asbestos fibers" while he was "in the United States Navy between the years of 1961 and 1977." [**Exhibit A**, ¶ 8.] Plaintiff claims that defendants "designed, advertised, and sold" various asbestos-containing products "for maritime use and used aboard ships," and that such products were "essential to the operation, navigation, function, and safety of the ship and to the continued existence, operation, and safety of the ship and its maritime activity." [*Id.* ¶ 24.] Plaintiff also alleges that defendants "placed into the stream of commerce asbestos or asbestos-containing products designed for maritime use and marketed and supplied for installation aboard ships." [*Id.* ¶ 23.] Plaintiff further contends that these alleged exposures caused him to "develop[ ] an asbestos-caused lung cancer." [*Id.* ¶ 9.]

## III.     LEGAL STANDARDS APPLICABLE TO RULE 12(B)(6) MOTIONS TO DISMISS AND RULE 12(F) MOTIONS TO STRIKE

FRCP 12(b) provides that "a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted." FRCP 12(b)(6). In addition, "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter" either "on its own" or "on motion made by a party." FRCP 12(f)(1)-(2). Moreover, a motion to

Hugo Parker, LLP
90 New Montgomery
St., Suite 1010
San Francisco, CA 94105

2

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PUNITIVE DAMAGES CLAIM AND/OR STRIKE PUNITIVE DAMAGES CLAIM AND PARAGRAPHS 51 TO 54 AND 3 IN THE PRAYER

dismiss and a motion to strike may be joined: "A motion under this rule may be joined with any other motion allowed by this rule." FRCP 12(g). There is a split of authority regarding the proper procedural mechanism to challenge a claim for damages at the pleadings stage.[2] Accordingly, Foster Wheeler moves to dispense with Plaintiff's improper claim for punitive damages under both FRCP 12(b)(6) and FRCP 12(f).

## IV.   ARGUMENT

### A. Maritime Law Controls Plaintiff's Claims against Foster Wheeler

Whether maritime law applies is a threshold issue that is a question of federal law and is governed by the law of the circuit in which this Court sits. *See Conner v. Alfa Laval, Inc.*, 799 F.Supp.2d 455, 460 (E.D. Pa. 2011) (citing U.S. Const. Art. III, § 2; 28; U.S.C. § 1333(1)); *In re Asbestos Prods. Liab. Litig.* (*Oil Field Cases*), 673 F.Supp.2d 358, 362 (E.D. Pa. 2009)). The Supreme Court has instructed that "[w]ith admiralty jurisdiction comes the application of substantive admiralty law." *See East River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858, 864

---

[2] *Compare Susilo v. Wells Fargo Bank, N.A.*, 796 F.Supp.2d 1177, 1196 (C.D. Cal. 2011) ("The Court may also strike under Fed.R.Civ.P. 12(f) a prayer for relief which is not available as a matter of law") and *Doe v. Indyke*, 457 F.Supp.3d 278, 284 (S.D.N.Y. 2020) (request for punitive damages may be stricken when unavailable under the law) and *Bhatia v. 3M Company*, 323 F.Supp.3d 1082, 1092 (D. Minn. 2018) (improper request for punitive damages is an "impertinent" matter that may be stricken via Rule 12(f) motion) and *Pucci v. Carnival Corporation*, 160 F.Supp.3d 1329, 1331 (S.D. Fla. 2016) (striking request for emotional damages not recoverable under the applicable law) and *Williamsburg Commons Condominium Ass'n v. State Farm Fire and Cas. Co.*, 907 F. Supp.2d 673, 680 (E.D. Pa. 2012) (striking claims for punitive damages and related allegations) and *Gopinath v. SomaLogic*, No. 23-cv-1164-W-WVG, 2023 WL 5354776, *6 (S.D. Cal. Aug. 21, 2023) (considering FRCP 12(b)(6) motion to dismiss prayer for exemplary and punitive damages so defendants would not be left without a mechanism to challenge a damages request), *with Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010) (finding damages in a complaint could not be removed through a Rule 12(f) motion to strike) and *Commonwealth of Mass. ex rel. Bellotti v. Russell Stover Candies, Inc.*, 541 F. Supp. 143, 145 (D. Mass. 1982) (request for award of expenses and costs could not be stricken pursuant to FRCP 12(f)) and *Haynish v. Bank of America, N.A.*, 284 F.Supp.3d 1037, 1053 (N.D. Cal. 2018) (motion to strike may not be used to challenge availability of attorney's fees or punitive damages) and *Estate of Prasad ex rel. Prasad v. County of Sutter*, 958 F.Supp.2d 1101, 1128 (E.D. Cal. 2013) (motion to strike may not be used to eliminate prayer for punitive damages) and *Ferretti v. Pfizer Inc.*, 855 F.Supp.2d 1017, 1029-30 (N.D. Cal. 2012) (motion to strike could not be used to eliminate request for attorney's fees) and *Asher v. Reliance Ins. Co.*, 308 F.Supp. 847, 850-51 (N.D. Cal. 1970) (FRCP 12(b)(6) motion to dismiss a prayer for punitive damages in the complaint denied because plaintiff entitled to compensatory damages).

HUGO PARKER, LLP
90 NEW MONTGOMERY
ST., SUITE 1010
San Francisco, CA 94105

3

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PUNITIVE DAMAGES CLAIM AND/OR STRIKE PUNITIVE DAMAGES CLAIM AND PARAGRAPHS 51 TO 54 AND 3 IN THE PRAYER

(1986). Where a case sounds in admiralty, application of a state's law, including a choice of law analysis under its choice of law rules, would be inappropriate. *See Gibbs ex rel. Gibbs v. Carnival Cruise Lines*, 314 F.3d 125, 131-132 (3d Cir. 2002); *Pacific Merch. Shipping Ass'n. v. Aubry*, 918 F.2d 1409, 1422 (9th Cir. 1990) ("state law may supplement federal admiralty only when it does not actually conflict with federal law or interfere with the uniform working of the maritime legal system.")

Here, it cannot reasonably be disputed that Plaintiff's allegations against Foster Wheeler relating to products "for maritime use and used aboard ships" [**Exh. A ¶ 24**] that Plaintiff claims he encountered during his time in the United States Navy implicates admiralty law and triggers the application of admiralty jurisdiction. *See Deuber v. Asbestos Corp.*, No. 2:10-CV-78931-ER, 2011 WL 6415339, at *1 n. 1 (E.D. Pa. Dec. 2, 2011); *Yaw v. Air & Liquid Sys. Corp.*, No. C18-5405 BHS, 2019 WL 3891792, at *2 (W.D. Wash. Aug. 19, 2019); *Deem v. Air & Liquid Sys. Corp.*, No. C17-5965 BHS, 2019 WL 3716449, at *2-3 (W.D. Wash. Aug. 6, 2019); *Cabasug v. Crane Co.*, 956 F.Supp.2d 1178, 1187-1190 (D. Haw. 2013).

**B. Maritime Law Bars Recovery for Plaintiff's Punitive Damages Claim**

    1.    <u>Pursuant to Supreme Court Authority, Non-Pecuniary Damages Are Not Available against Foster Wheeler in this Case</u>

Historically, federal courts have developed an "amalgam of traditional common-law rules, modifications of those rules, and newly created rules that forms the general maritime law." *The Dutra Group v. Batterton*, 139 S. Ct. 2275, 2278 (2019) ["*Batterton*"]. By granting federal courts jurisdiction over maritime and admiralty cases, the Constitution implicitly directs federal courts sitting in admiralty to proceed "in the manner of a common law court." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 489-90, 128 S. Ct. 2605, 171 L.Ed.2d 570 (2008). Thus, where Congress has not prescribed specific rules, federal courts must develop the "amalgam of traditional common-law rules, modifications of those rules, and newly created rules" that forms the general maritime law. *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864-65 (1986). But maritime law is no longer solely the province of the federal judiciary. "Congress and the States have legislated extensively in these areas." *Miles v. Apex Marine Corp.*, 498 U.S. 19, 27

HUGO PARKER, LLP
90 NEW MONTGOMERY
ST., SUITE 1010
San Francisco, CA 94105

4

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PUNITIVE DAMAGES CLAIM AND/OR STRIKE PUNITIVE DAMAGES CLAIM AND PARAGRAPHS 51 TO 54 AND 3 IN THE PRAYER

(1990) ["*Miles*"]. When exercising its inherent common-law authority, "an admiralty court should look primarily to these legislative enactments for policy guidance." *Id.*

This amalgamation accelerated just over 100 years ago when Congress began enacting federal maritime statutes to provide more and better protection for seamen. See *Miles*, 498 U.S. at 23, 27. In 1920, for example, Congress enacted the Jones Act, which created a statutory cause of action for seamen to sue their employers for negligence. See *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404, 415-16 (2009). The Jones Act did not explicitly eliminate pre-existing causes of action or remedies under general maritime law. *Id.* Rather, an injured seaman has "a choice of actions," and may "elect" to proceed under the Jones Act. *Id.* at 416. As such, plaintiffs can, and often do, bring claims under both general maritime law and federal maritime statutes. Over the following decades, this dual system has led to questions about what relief is available to injured seamen and their families.

In *Miles*, the Supreme Court began to clarify the conflicting remedies available under general maritime law and federal maritime statues. *Miles* was a wrongful death action brought by the mother of a seaman stabbed and killed by a fellow seaman while aboard a ship docked in Washington. *Miles*, 498 U.S. at 19. The seaman's mother sued the ship's owners and operators under both general maritime law for unseaworthiness and under the Jones Act for negligence, claiming the defendants had hired a crew member unfit to serve. *Id.* She sought recovery for loss of society and punitive damages based on her general maritime law claim. *Id.*

The Court held that recovery under the general maritime law was limited to pecuniary damages. *Miles*, 498 U.S. at 23. In holding that plaintiff could not recover such damages under general maritime law, the Supreme Court held that it would be "inconsistent with our place in the constitutional scheme" to award greater damages for claims brought under causes of action created by judges under general maritime law than for claims brought under the Jones Act. *Id.* at 31-33 ["Congress has spoken directly to the question of recoverable damages on the high seas, and when it does speak directly to a question, the courts are not free to 'supplement' Congress' answer so thoroughly that the Act becomes meaningless." (quotations omitted); see also *id.* at 27 ["Congress retains superior authority in these matters, and an admiralty court must be vigilant not

HUGO PARKER, LLP
90 NEW MONTGOMERY
ST., SUITE 1010
San Francisco, CA 94105

5
DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PUNITIVE DAMAGES CLAIM AND/OR STRIKE PUNITIVE DAMAGES CLAIM AND PARAGRAPHS 51 TO 54 AND 3 IN THE PRAYER

to overstep the well-considered boundaries imposed by federal legislation."]. The Court emphasized the need to "restore a uniform rule applicable to all actions for the wrongful death of a seaman, whether under [The Death on the High Seas Act ("DOHSA")], the Jones Act, or general maritime law." *Id.* at 33.

The *Miles* court further explained that unlike in times now long past, seamen and their loved ones need no longer rely on the courts as a source of substantive legal protection from injury and death, but rather to Congress and the States that since the early 1900s have legislated extensively in these areas. Accordingly, an admiralty court should look primarily to legislative enactments for policy guidance. The courts

> may supplement these statutory remedies where doing so would achieve the uniform vindication of such policies consistent with our constitutional mandate, but we must also keep strictly within the limits imposed by Congress. Congress retains superior authority in these matters, and an admiralty court must be vigilant not to overstep the well-considered boundaries imposed by federal legislation. These statutes both direct and delimit our actions.

*Miles*, 498 U.S. at 27.

Initially, federal courts interpreted *Miles* broadly, holding that non-pecuniary damages were *never* allowed in wrongful death cases, regardless of whether they were brought under general maritime law or maritime statutory law. See, e.g., *Davis v. Bender Shipbuilding and Repair Co., Inc.*, 27 F.3d 426, 430 (9th Cir. 1994); *Smith v. Trinidad Corp.*, 992 F.2d 996 (9th Cir. 1993) [following *Miles*, holding that a plaintiff may not recover for loss of society in wrongful death actions under general maritime law]; *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1408 (9th Cir. 1994) [rejecting loss of consortium claim by cruise passenger when an inflatable raft capsized and injured her husband]; *Cox v. Princess Cruise Lines, Ltd.*, 2013 WL 3233461, at *4 (C.D. Cal. June 25, 2013) [collecting cases].

In 2009, in *Townsend*, the Supreme Court affirmed that the reasoning of *Miles* was "still sound" but also found that punitive damages would be available for one area of general maritime claims that had allowed such damages even before state and federal legislation had overtaken the area. That one area is "maintenance and cure" claims. "A claim for maintenance and cure concerns the vessel owner's obligation to provide food, lodging, and medical services to a seaman

HUGO PARKER, LLP
90 NEW MONTGOMERY
ST., SUITE 1010
San Francisco, CA 94105

6

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PUNITIVE DAMAGES CLAIM AND/OR STRIKE PUNITIVE DAMAGES CLAIM AND PARAGRAPHS 51 TO 54 AND 3 IN THE PRAYER

injured while serving the ship." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001). In *Townsend*, an injured seaman sued his employer for willful failure to provide maintenance and cure under general maritime law, *i.e.*, "the vessel owner's obligation to provide food, lodging, and medical services to a seaman injured while serving the ship" and sought punitive damages against his employer as part of his maintenance and cure claim. *Townsend*, 557 U.S. at 407-408. The Supreme Court held that punitive damages are recoverable against an employer in maintenance and cure claims under general maritime law. *Id.* at 407-408, 419-420 [*Miles* "remains sound" but did not involve maintenance and cure claims].

In 2019, ten years after the ruling in *Townsend*, the Supreme Court decided the *Batterton* case, defining what damages are available under general maritime law cases, like the present one, that are not premised on maintenance and cure claims. *Batterton* involved a seaman who brought an action for unseaworthiness under general maritime law against the vessel owner alleging that his left hand was injured when he was working as a deckhand and seeking punitive damages arguing "that he was injured as a result of the unseaworthy condition of the vessel." *Batterton*, 139 S. Ct. at 2278. Unseaworthiness claims arise under general maritime law, not federal statute. *Id.* at 2283-2284. After tracing the history of the development of claims for unseaworthiness from its earliest incarnations into its basis for recovery of personal injuries suffered onboard ships, the Supreme Court then addressed whether punitive damages were available in such actions:

> We have twice confronted similar questions in the past several decades, and our holdings in both cases were based on the particular claims involved. In *Miles*, which concerned a wrongful-death claim under the general maritime law, we held that recovery was limited to pecuniary damages, which did not include loss of society. [Citations.] And in *Atlantic Sounding*, after examining centuries of relevant case law, we held that punitive damages are not categorically barred as part of the award on the traditional maritime claim of maintenance and cure. [Citations.] Here, because there is no historical basis for allowing punitive damages in unseaworthiness actions, and in order to promote uniformity with the way courts have applied parallel statutory causes of action, <u>we hold that punitive damages remain unavailable in unseaworthiness actions</u>.

*Id*. at 2278 [emphasis added].

In *Batterton*, the Court applied the *Townsend* framework, concluding that there was no historical basis for allowing punitive damages for unseaworthiness claims. *Batterton*, 139 S. Ct. at

HUGO PARKER, LLP
90 NEW MONTGOMERY ST., SUITE 1010
San Francisco, CA 94105

7
DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PUNITIVE DAMAGES CLAIM AND/OR STRIKE PUNITIVE DAMAGES CLAIM AND PARAGRAPHS 51 TO 54 AND 3 IN THE PRAYER

2279-2280. At step one of the *Townsend* framework, the Court concluded that punitive damages were not "traditionally available for breach of the duty of seaworthiness." *Id.* at 2283. The Court explained that the various unseaworthiness cases the plaintiff in *Batterton* cited appeared to award strictly compensatory – not punitive – damages. *Id.* at 2283-2284. Although the Supreme Court acknowledged that punitive damages were historically available under the common law generally, this was not enough. *Id.* at 2284.

Unlike the maintenance and cure claims in *Townsend*, the Supreme Court found that there was no evidence that courts "traditionally allow[ed] recovery of punitive damages" for unseaworthiness claims brought under general maritime law. *Batterton*, 139 S. Ct. at 2284. Moreover, the Court recognized that the decision in *Townsend* to allow punitive damages in the limited context of maintenance and cure claims was a "departure from the statutory remedial scheme based on the established history of awarding punitive damages for certain maritime torts, including maintenance and cure," and that the "decision represented a gloss on *Miles* rather than a departure from it." *Id.* at 2283. Ultimately, the *Batterton* court concluded that "[t]he lack of punitive damages in traditional maritime law cases is practically dispositive," and that "unlike maintenance and cure, unseaworthiness did not traditionally allow recovery of punitive damages." *Id.* at 2284.

In reaching this conclusion, the Court noted that the "duty of maintenance and cure requires the master to provide medical care and wages to an injured mariner in the period after the injury has occurred. [Citations.] By contrast, both the Jones Act and unseaworthiness claims compensate for the injury itself and for the losses resulting from the injury." *Batterton*, 139 S. Ct. at 2286.

As *Miles* remains the controlling authority addressing the permissible scope of recovery sought by or on behalf of a Jones Act seaman[3] in a maritime personal injury strict liability or

---

[3] Here, Plaintiff qualifies as a "Jones Act seaman" and the statutory bar to recovery of non-pecuniary damages from Foster Wheeler applies despite the fact that Foster Wheeler never employed him. The Supreme Court has recognized that to be considered a seaman "[i]t was only necessary that a person be employed on board a vessel in furtherance of its purpose," and that "[a]ll who work at sea in the service of a ship" or those who "contribut[e] to the function of the

HUGO PARKER, LLP
90 NEW MONTGOMERY
ST., SUITE 1010
San Francisco, CA 94105

8

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PUNITIVE DAMAGES CLAIM
AND/OR STRIKE PUNITIVE DAMAGES CLAIM AND PARAGRAPHS 51 TO 54 AND 3 IN THE PRAYER

negligence-based case – and it precludes the recovery of non-pecuniary damages – here, Plaintiff's punitive damages claim is, therefore, barred as a matter of law

2. <u>In Line with Supreme Court Authority, Various California District Courts, including this Very Courtroom, Have Precluded Recovery of Non-Pecuniary Damages in Cases such as this One</u>

In accordance with *Miles* and its progeny, numerous California district courts, including this very courtroom, have held that punitive damages are not available in maritime cases such as this one. Most recently, on September 26, 2024, the Honorable Rita F. Lin issued an order in the matter of *Stephanie Smargisso, et al. v. Air & Liquid Systems Corporation, et al.*, U.S.D.C., Northern District of California, Case No. 23-cv-01414-RFL, holding in relevant part that

> While [the *Smargisso*] Plaintiffs cite authority that punitive damages were available for "various maritime torts stretching back to the 1800s," including marine trespass and intentional torts, they have not put forth any evidence that punitive damages were historically available for negligence and strict liability claims specifically—the claims at issue here. (Dkt. No. 139 at 13.) Thus, Plaintiffs fail to establish that the relief sought has been historically available under general maritime law. *See Elorreaga v. Rockwell Automation, Inc.*, No. 21-CV-05696-HSG, 2022 WL 2528600, at *5 (N.D. Cal. July 7, 2022).
>
> Plaintiffs' failure to satisfy step one of the *Townsend* framework is "practically dispositive" of the unavailability of punitive damages. *Batterton*, 139 S. Ct. at 2283. As for policy grounds, without historical evidence that punitive damages are traditionally recoverable for negligence and strict liability claims, the Court must follow the command in *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990), to promote "a uniform rule applicable to all actions for the same injury, whether under the Jones Act or the general maritime law." *Id.* at 33. Under the Jones Act, which is a parallel statutory scheme for maritime claims, Ankiel would be limited to pecuniary losses, and could not recover non-pecuniary damages. *Batterton*, 139 S. Ct. at 2278. Absent a clear historical pattern establishing a different result for the claims at issue here, this Court is obliged to "seek conformity with the policy preferences the political branches have expressed in legislation." *Id.* at 2283 n. 6; *see also Spurlin*, 537 F. Supp. 3d at 1180.

---

vessel or to the accomplishment of its mission" are seamen. *See McDermott Intern, Inc. v. Wilander*, 498 U.S. 337, 354-355 (1990); *see also Hays v. John Crane, Inc.*, 2014 WL 10658453, at *2 (S.D. Fla. Oct. 10, 2014) (adopting the Supreme Court's definition in finding that an asbestos plaintiff injured aboard Navy vessels "unquestionably met this definition" under both general maritime law and under the Jones Act, and therefore, was considered a "Jones Act seaman").

In *Davis v. Bender Shipbuilding and Repair Co.*, 27 F.3d 426, 430 (9th Cir. 1994), the court rejected the plaintiffs' attempt to distinguish *Miles* on the basis that the defendant was not a "Jones Act defendant." In deciding whether the rationale of *Miles* applies, the court emphasized that the "*identity of the defendant is irrelevant* [emphasis added]."

HUGO PARKER, LLP
90 NEW MONTGOMERY
ST., SUITE 1010
San Francisco, CA 94105

9

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PUNITIVE DAMAGES CLAIM AND/OR STRIKE PUNITIVE DAMAGES CLAIM AND PARAGRAPHS 51 TO 54 AND 3 IN THE PRAYER

[*See* **Exhibit E** to Hugo Decl., at p. 19.]

Other courts have reached the same conclusion. For instance, the Honorable Haywood S. Gilliam, Jr. of the Northern District previously issued an order in the matter of *Michael R. Marcus, et al. v. Air & Liquid Systems Corporation, et al.*, U.S.D.C., Northern District of California, Case No. 22-cv-09058-HSG granting summary judgment as to the plaintiffs' claims for punitive damages because such damages are "unavailable under maritime law." [**Exhibit D** at pp. 14:23 (starting with "The same")-28 (ending with "in full").] In addition, the Southern District of California has also held that punitive damages are unavailable under maritime law. *Spurlin v. Air & Liquid Systems Corp.*, 537 F. Supp. 3d 1162, 1179-1181 (S.D. Cal. 2021). *See also* **Exhibit B** to Hugo Decl. In *Spurlin*, after analyzing *Miles*, *Townsend*, and *Batterton*, the Southern District determined that

> the relevant question . . . is whether Plaintiffs have presented historical evidence that non-pecuniary losses such as punitive damages and loss of consortium have been traditionally recoverable under a general maritime law negligence action, and would not offend *Miles*'s command that federal courts should 'promote "a uniform rule applicable to all actions" for the same injury, whether under the Jones Act or the general maritime law.'

*Spurlin*, 537 F. Supp. 3d at 1180 (citations omitted). Because the plaintiffs in *Spurlin* presented no such evidence, summary judgment of these claims was appropriate. *Id.* at 1182. The *Spurlin* court concluded, "[t]here being no evidence that punitive damages were traditionally awarded in maritime negligence cases, coupled with the observation that a parallel statutory scheme does not allow for recovery of non-pecuniary losses, the Court finds that Plaintiffs' claims for punitive damages and loss of consortium are unavailable." *Id.* at 1181.

**C. Public Policy Supports the Granting of this Motion**

Not only are punitive damages barred as a matter of law, but public policy also supports granting this motion because the deterrence and retribution policies underpinning punitive damages are inapplicable given the passage of time and the fact that the Navy no longer requires asbestos-containing materials. The Honorable George H. Wu acknowledged this point when declining to instruct the jury regarding punitive damages in the matter of *Rosa Dennis v. Foster Wheeler, et al.*, U.S.D.C., Central District of California, Case No. 2:19-cv-09343-GW-K:

HUGO PARKER, LLP
90 NEW MONTGOMERY ST., SUITE 1010
San Francisco, CA 94105

10
DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PUNITIVE DAMAGES CLAIM AND/OR STRIKE PUNITIVE DAMAGES CLAIM AND PARAGRAPHS 51 TO 54 AND 3 IN THE PRAYER

> But even if punitive damages were available, again, the primary fault is failure to warn, and under the facts of this particular case, especially since this supposed improper or bad conduct occurred between the 60s and 70s, and the point of having punitive damages is to provide retribution and deterrence at that point, it has no deterrent effect since the Navy no longer requires asbestos.
>
> And as to retribution, this contact that occurred so long ago in the context of a failure -- supposed failure to warn where there was -- I guess disputes as to the extent to which it was either required or necessary or available or whatever, it would not seem to me there is [a] basis upon which you could establish outrageousness in this type of context.
>
> So for that reason, I'm not going to put forth a punitive theory damages type of theory in this particular case.

[**Exhibit C** to Hugo Decl. at p. 809:4-18. *See also* United States Constitution, Eighth Amendment ("Excessive bail shall not be required, **nor excessive fines imposed**, nor cruel and unusual punishments inflicted." (emphasis added).] Here, Plaintiff alleges improper conduct by Foster Wheeler while he was in the Navy in the 1960s and 1970s, and the same logic applies.

## V.     CONCLUSION

Based on the foregoing, Foster Wheeler respectfully requests an Order:

1.     Dismissing (pursuant to FRCP 12(b)(6)) or striking (pursuant to FRCP 12(f)) Plaintiff's claim for punitive damages because punitive damages are not recoverable under maritime law; and/or

2.     Striking paragraphs 51 through 54 of the Complaint and Plaintiff's prayer for relief, paragraph 3, seeking "punitive damages according to proof," pursuant to FRCP 12(f) because those paragraphs are comprised of "immaterial" and "impertinent" allegations given the unavailability of punitive damages under maritime law.

Dated: April 8, 2025                    HUGO PARKER, LLP

                        By:   /s/ *Edward R. Hugo*
                              Edward R. Hugo
                              Bina Ghanaat
                              Robert J. Bugatto
                              Attorneys for Defendant
                              FOSTER WHEELER LLC, erroneously sued as JOHN WOOD GROUP PLC, as successor-by-merger to AMEC FOSTER WHEELER PLC, successor-in-interest to FOSTER WHEELER CORPORATION

HUGO PARKER, LLP
90 NEW MONTGOMERY ST., SUITE 1010
San Francisco, CA 94105

11
DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PUNITIVE DAMAGES CLAIM AND/OR STRIKE PUNITIVE DAMAGES CLAIM AND PARAGRAPHS 51 TO 54 AND 3 IN THE PRAYER